# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SASA STANISIC,**

**Plaintiff,**             Case No.:

v.

**CFI RESORTS**
**MANAGEMENT INC.**
**d/b/a Westgate Resorts, Inc.**
**a Florida profit Corporation**

**Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, SASA STANISIC (hereinafter referred as "STANISIC" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant CFI RESORTS MANAGEMENT INC. D/B/A WESTGATE RESORTS, INC. (hereinafter referred as "WESTGATE" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII") and the Florida Civil Rights Act ("FCRA"), and in support of states as follows:

## NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering and retaliating against Plaintiff for engaging in his FMLA rights. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

The ADEA prohibits discrimination in employment based on the age of an employee.

Finally, this is a claim by Plaintiff against his former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from discrimination, and retaliation, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering,

injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

1. STANISIC was hired by WESTGATE in 2014.

2. His most recent position was a Software Engineer IV (Senior).

3. STANISIC was employed by WESTGATE in Orlando, Florida location.

4. Plaintiff was in good standing as an employee.

5. By the very nature of its work, WESTGATE is a corporation that is engaged in commerce.

6. WESTGATE is engaged in an industry affecting commerce.

7. Plaintiff was employed with WESTGATE for more than one (1) calendar year leading up to April 2020.

8. Plaintiff worked over 1,250 hours for WESTGATE during the year immediately preceding April 2020.

9. WESTGATE employs more than fifty (50) employees.

10. WESTGATE employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

11. Plaintiff is an "employee" as defined by the FMLA.

12. WESTGATE is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

13. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

14. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

15. This Court has supplemental jurisdiction over Plaintiff's state law claims.

16. Plaintiff worked for WESTGATE in Orange County, Florida.

17. WESTGATE conducts business in Orange County, Florida.

18. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## STATUTORY PREREQUISITES

19. Plaintiff is a fifty-nine (59) year old individual who suffered discrimination based on his age.

20. Because of his age, Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

21. Plaintiff was qualified for his position as a Software Engineer IV (Senior).

22. The Defendant meets the statutory criteria for coverage as an

"employer" under Title VII and the FCRA.

23. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

24. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 3, 2020, attached hereto as Exhibit A.

25. The EEOC issued a Notice of Right to Sue on June 10, 2021, attached hereto as Exhibit B.

26. Plaintiff brings this suit within ninety (90) days of receipt of his Notice of Right to Sue.

27. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

28. Plaintiff has satisfied all administrative prerequisites to perfect his claim.

## FACTUAL ALLEGATIONS

29. Plaintiff worked for WESTGATE from approximately 2014 to April 17, 2020.

30. Plaintiff is a fifty-nine (59) year old individual.

31. Plaintiff was employed with WESTGATE for more than one (1) calendar year leading up to April 2020.

32. Plaintiff was in good standing as an employee.

33. Plaintiff worked over 1,250 hours for WESTGATE during the year immediately preceding April 2020.

34. WESTGATE employs more than fifty (50) employees.

35. WESTGATE employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

36. Unfortunately, in January 2020, Plaintiff learned that his elderly father had collapsed unexpectedly.

37. Plaintiff's father lives in Serbia.

38. Because of his father's serious health condition, Plaintiff immediately requested FMLA leave to care for his father.

39. Plaintiff's FMLA leave was granted.

40. Plaintiff was on approved FMLA leave from around January 30, 2020, to February 21, 2020.

41. Plaintiff returned to work from FMLA as scheduled.

42. On March 27, 2020, Defendant informed Plaintiff that he and others in his position were being temporarily furloughed as a result of the Covid-19 pandemic

43. On April 17, 2020, Defendant informed Plaintiff that the furlough was going to be permanent and his employment with Defendant was terminated.

44. However, upon information and belief, eight of Plaintiff's former coworkers were not terminated and remain employed with Defendant.

45. Defendant terminated Plaintiff because he exercised his rights under the FMLA.

46. Additionally, Defendant terminated Plaintiff because of his age and retained younger employees.

47. Plaintiff was subject to disparate treatment because of his age.

48. During Plaintiff's employment with Westgate, his direct supervisor, John McLeod *repeatedly* asked questions about his age.

49. Mr. McLeod also placed unrealistic deadlines on Plaintiff's work that he did not do with younger employees.

50. Plaintiff's employment was terminated because of his age.

51. Accordingly, WESTGATE's actions and comments are *direct* evidence of bias against Plaintiff for utilizing his FMLA rights.

52. WESTGATE's actions interfered with Plaintiff's rights under the FMLA.

53. WESTGATE retaliated against Plaintiff for engaging in his rights under the FMLA.

54. WESTGATE's actions and comments are *direct* evidence of age bias against Plaintiff, in violation of the ADEA and FCRA.

## COUNT I - RETALIATION UNDER THE FMLA

55. Plaintiff re-alleges and adopts the allegations of paragraphs 1-18, 29, 31-45 and 51-53 above as if fully set forth herein.

56. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

57. WESTGATE was Plaintiff's employer as defined by the FMLA.

58. WESTGATE discriminated and/or retaliated against Plaintiff because WESTGATE knew he was eligible for leave under the FMLA.

59. WESTGATE discriminated and/or retaliated against Plaintiff because Plaintiff exercised his rights under the FMLA

60. WESTGATE had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

61. WESTGATE'S acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

62. WESTGATE'S discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

63. WESTGATE'S conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

64. As a direct, natural, proximate and foreseeable result of the actions of WESTGATE, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of WESTGATE, which have caused and continue to cause irreparable harm.

66. WESTGATE'S violations of the FMLA were willful.

67. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against WESTGATE for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in his favor and against WESTGATE for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of WESTGATE'S conduct;

c. judgment in his favor and against WESTGATE for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against WESTGATE for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that WESTGATE'S practices toward Plaintiff violate his rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - AGE DISCRIMINATION IN VIOLATION OF THE ADEA

68. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-4, 13-30, 32, 42-44, 46-50 and 54 as though fully set forth herein.

69. Plaintiff is a member of a protected class because of his age.

70. Plaintiff was qualified for his current position because he had performed well in that position for a substantial period of time.

71. Plaintiff was subjected to adverse employment action of being terminated.

72. Plaintiff was treated less favorable than any younger, similarly situated employees.

73. Younger employees did not have their work performance scrutinized as heavily.

74. Younger employees did not have their age used as the reason for alleged performance deficiencies.

75. Defendant discriminated against Plaintiff because of his age.

76. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the ADEA because it treated Plaintiff less favorably because of his age.

77. The discrimination to which Plaintiff was subjected was based on his age.

78. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

79. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

81. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADEA.

82. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Company and requests this Court award damages including:

a. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

b. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay for lost earnings and benefits;

c. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

e. Award Plaintiff compensatory damages for emotional pain and suffering;

f. Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to ADEA; and

g. Provide any additional relief that this Court deems just.

## COUNT III
## AGE DISCRIMINATION IN VIOLATION OF FCRA

83. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-4, 13-30, 32, 42-44, 46-50 and 54 as though fully set forth herein.

84. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

85. Defendant discriminated against Plaintiff based on his age.

86. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

87. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

88. At all material times, Plaintiff was qualified to perform his job duties.

89. Defendant discriminated against Plaintiff because of his age.

90. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

91. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable

Dated this __8th__ of September, 2021.

Respectfully submitted,
**s/ Edward W. Wimp**
Carlos V. Leach, Esquire
FBN: 0540021
Edward W. Wimp, Esquire
FBN: 1015586

Anthony Hall, Esquire
FBN: 0040924
THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: cleach@theleachfirm.com
Email: ewimp@theleachfirm.com
Email: ahall@theleachfirm.com